IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NED JAMES, # K-91930** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WARDEN KIMBERLY BUTLER,** )<br>**DR. TROST, DR. FUENTEZ,** )<br>**MEDTECH MS. STEPHANIE,** )<br>**NURSE IANNA, NURSE HORNTON,** )<br>**LT. BROCKMAN,** )<br>**MS. GAIL HALL,** )<br>**MEDTECH AMY LANG,** )<br>**NURSE RAY BURN,** )<br>**C/O MS. BAKER,** )<br>**JANE DOE (Nurse Stephanie)** )<br>**and C/O JOHN DOE,** )<br>)<br>**Defendants.** ) | **Case No. 15-cv-936-SMY** |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). The motion was filed along with the complaint. Both documents were electronically transmitted to the Court on August 24, 2015. Because Plaintiff's trust fund statements covering the six months before he filed this suit were not included with his IFP motion, he was ordered to submit those records (Doc. 4).

On September 3, 2015, the Court received a partial trust fund statement from Menard Correctional Center, where Plaintiff is now confined (Doc. 5). This document showed a balance in Plaintiff's prisoner account of $11,592.05 as of September 1, 2015. Plaintiff received a $12,000.00 deposit from Cook County on August 25, 2015, the day after the instant action was

filed. It is evident that this deposit was the result of a settlement of several cases that Plaintiff had been litigating in the Northern District of Illinois, which were dismissed on July 21, 2015, pursuant to the parties' stipulation that a settlement had been reached. *See, e.g., James v. Diaz, et al.*, Case No. 14-cv-07391 (N.D. Ill.) (Doc. 31; Stipulation of Dismissal signed by Plaintiff on June 28, 2015).

Under 28 U.S.C. § 1915(e)(2)(A), a court is directed to dismiss a case filed *in forma pauperis* at any time, if the court determines that the Plaintiff's allegation of poverty is untrue. While Plaintiff did not yet possess the settlement funds at the time he prepared and filed his IFP motion, it is obvious that when he submitted his affidavit of indigence, he knew that this money should be forthcoming. The motion does not contain any false statements, but it does not tell the whole story. In light of Plaintiff's receipt of this large sum of money, the Court now finds that the allegation of poverty in the IFP motion is untrue. Plaintiff is no longer indigent, and he is not entitled to proceed IFP in this action.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed IFP (Doc. 2) is **DENIED**.

Under the circumstances of this case, the Court is reluctant to dismiss the action outright pursuant to § 1915(e)(2)(A). Plaintiff had not been granted leave to proceed IFP before his settlement funds were received, and while Plaintiff's initial claim of poverty may have been disingenuous, the Court cannot conclude with certainty that he intended to defraud the tribunal.[1] Accordingly, Plaintiff shall be given an opportunity to pay the filing fee in full if he wishes to proceed with this action.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $400.00 filing fee to the Clerk

---

[1] Plaintiff signed a motion on August 14, 2015 (filed on August 24, 2015, as Doc. 34 in *James v. Diaz*, Case No. 14-07391) noting that he had not yet been paid and seeking to withdraw from the settlement agreement.

of Court within 14 days of the date of this order (on or before October 2, 2015). If full payment is not received by this date, this action shall be dismissed with prejudice for failure to prosecute. *See* FED. R. CIV. P. 41(b). Payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 18, 2015**

s/ STACI M. YANDLE
United States District Judge