IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NED JAMES, # K-91930** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-936-SMY |
| ) | |
| **WARDEN KIMBERLY BUTLER,** ) | |
| **DR. TROST, DR. FUENTEZ,** ) | |
| **MEDTECH MS. STEPHANIE,** ) | |
| **NURSE IANNA, NURSE HORNTON,** ) | |
| **LT. BROCKMAN, MS. GAIL HALL,** ) | |
| **MEDTECH AMY LANG,** ) | |
| **NURSE RAY BURN, C/O MS. BAKER,** ) | |
| **JANE DOE (Nurse Stephanie)** ) | |
| **and C/O JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management, and to consider two motions filed by Plaintiff: a November 3, 2015, motion for status (Doc. 8), and a motion to voluntarily dismiss the case (Doc. 9), filed on November 19, 2015.

Plaintiff filed this action on August 24, 2015, complaining about his conditions of confinement at Menard Correctional Center (Doc. 1). On September 18, 2015, this Court entered an order denying Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and directing him to pay the $400.00 filing fee in full no later than October 2, 2015 if he wished to proceed with this case (Doc. 7). Plaintiff was warned that if he failed to pay the filing fee, this case would be dismissed with prejudice for failure to prosecute.

Plaintiff's October 2 payment deadline is long past, and he has failed to make any

payment toward his fee.  This action was therefore subject to dismissal for failure to prosecute as and for failure to comply with an order of the Court, before Plaintiff filed either of the pending motions.

Plaintiff's motion for status (Doc. 8) is **GRANTED,** insofar as the status is reflected herein.

Plaintiff's motion to dismiss this case (Doc. 9) is also **GRANTED**.  However, because Plaintiff failed to timely respond to or comply with this Court's previous order to pay the filing fee, the dismissal of this civil rights claim shall be with prejudice.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund

account until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE
United States District Judge
